**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STEVE DUDLEY and BETH DUDLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-940-GPM |
| | ) | |
| PUTNAM INVESTMENT FUNDS and | ) | |
| PUTNAM INVESTMENT MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiffs Steve Dudley and Beth Dudley (Doc. 9). For the following reasons, the motion is **GRANTED**.

## INTRODUCTION

This case is a putative class action on behalf of shareholders in Defendant Putnam Investment Funds, a mutual fund managed by Defendant Putnam Investment Management, LLC. The complaint alleges that Defendants breached state-law duties to shareholders by permitting traders to engage in so-called "market timing," an arbitrage practice that exploits differences between the value of fund shares as calculated once a day for purposes of share redemption and the actual price at which the shares are trading. *See SEC v. Gann*, No. Civ.A. 305CV0063L, 2006 WL 616005, at *1 (N.D. Tex. Mar. 13, 2006) (explaining that "market timing refers to the practice of short term buying and selling of mutual fund shares in order to exploit inefficiencies in mutual fund pricing. Market timing, while not illegal *per se*, can adversely affect mutual fund shareholders

because profits that a market timer takes can dilute the value of shares held by long-term shareholders."). *See also Boeckman v. A.G. Edwards, Inc.*, No. CIV. 05-658-GPM, 2006 WL 3359726, at *1 (S.D. Ill. Sept. 26, 2006) (mutual funds are required to be ready at all times to redeem fund shares, which represent an undivided interest in a fund's assets). The case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in 2003, then removed to this Court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified at scattered sections of 15 U.S.C.), where it was docketed as *Dudley v. Putnam Investment Funds*, Civil No. 03-853-GPM (S.D. Ill. filed Dec. 15, 2003). On January 27, 2004, the Court held that the claims asserted in the case do not fall within the scope of SLUSA and remanded the case to state court for lack of subject matter jurisdiction.

Defendants appealed from the Court's order remanding the case to state court, whereupon the United States Court of Appeals for the Seventh Circuit held that it had jurisdiction to review the remand order, *see Kircher v. Putnam Funds Trust*, 373 F.3d 847, 851 (7th Cir. 2004) ("*Kircher I*"), and later vacated the remand order. *See Kircher v. Putnam Funds Trust*, 403 F.3d 478, 484 (7th Cir. 2005) ("*Kircher II*"). As per the *Kircher II* court's mandate, this Court then dismissed the case pursuant to SLUSA. Plaintiffs appealed from the dismissal of their claims, and the appeal was stayed pending a decision by the Supreme Court of the United States as to the validity of *Kircher I*. When that decision issued, vacating *Kircher I* and *Kircher II*, *see Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2157 (2006) ("*Kircher III*"), the Seventh Circuit Court of Appeals directed this Court to remand the case to state court. *See In re Mutual Fund Market-Timing Litig.*, 468 F.3d 439, 444 (7th Cir. 2006) ("*Kircher IV*"). The Court executed the *Kircher IV* court's

mandate on December 7, 2006, remanding the case to state court.  Defendants now have removed the case a second time, arguing that orders entered in this case and other cases following the first remand of the case in 2004 establish the existence of federal subject matter jurisdiction in this case under SLUSA.  Plaintiffs in turn have moved for remand of the case to state court based on procedural defects in removal.  Plaintiffs' request for remand has been fully briefed by the parties, and the Court now is prepared to rule.

**DISCUSSION**

**A.      Applicability of 28 U.S.C. § 1446(b) to Removal under SLUSA**

SLUSA prohibits the maintenance under state law of actions for damages by more than fifty persons alleging an untrue statement or omission of a material fact in connection with the purchase or sale of a security or that a defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a security.  *See* 15 U.S.C. § 77p(b), (f)(2)(A); 15 U.S.C. § 78bb(f)(1), (f)(5)(B).  Securities within the scope of SLUSA include registered mutual fund shares.  *See* 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 78bb(f)(5)(E); 15 U.S.C. § 77r(b)(2).  Class actions subject to SLUSA that are brought in state court may be removed to federal court under the statute.  *See* 15 U.S.C. § 77p(c); 15 U.S.C. § 78bb(f)(2).[1]  Under 28 U.S.C. § 1446, a defendant seeking to remove a case to federal court must file a notice of removal within thirty days after

---

1.      SLUSA operates, obviously, as a limited legislative repeal of the familiar "well-pleaded complaint" rule, which provides generally, of course, that a case does not arise under federal law for purposes of so-called "federal question" jurisdiction, *see* 28 U.S.C. § 1331, unless federal law appears on the face of a complaint.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152-53 (1908).  Correspondingly, a defense of preemption of state law by federal law generally does not confer federal jurisdiction.  *See Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 787-88 (7th Cir. 2002); *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995).

service of the complaint in the case, unless, however, the case is not removable at the outset, in which case the defendant must remove within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

Although the Court previously was in doubt as to the applicability of the general federal removal statutes, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1447, to removal under SLUSA, *see Kwiatkowski v. Templeton Growth Fund, Inc.*, No. Civ. 05-299-GPM, Civ. 05-300-GPM, Civ. 05-301-GPM, 2005 WL 2085290, at *1 (S.D. Ill. Aug. 25, 2005), *Kircher III* now has clarified that removal under SLUSA is governed by the ordinary procedural prerequisites for removal.  *See* 126 S. Ct. at 2152-57 (holding that appellate review of orders remanding cases removed under SLUSA based on defects in subject matter jurisdiction is precluded by 28 U.S.C. § 1447(d), and vacating *Kircher I* and *Kircher II*).  This is consistent, of course, with the presumption that the general removal statutes control all removals of cases to federal court, absent express legislative direction to the contrary, *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 126-29 (1995); *United States v. Rice*, 327 U.S. 742, 748-49 (1946), and with the weight of federal authority regarding removal under SLUSA issued before *Kircher III. See Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1187-88 & n.5 (11th Cir. 2004) (holding that the procedural prerequisites of 28 U.S.C. § 1446(b) apply to removal under SLUSA); *Haag v. Webster*, 434 F. Supp. 2d 732, 733-34 (W.D. Mo. 2006) (same); *McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 472-73 (M.D.N.C. 2005) (same); *Gordon v. Buntrock*, No. 04 C 5479, 2005 WL 20377, at *3 (N.D. Ill. Jan. 4, 2005) (same); *Central Laborers' Pension Fund v. Chellgren*, No. Civ.A. 02-220-DLB, 2004 WL 1348880, at **5-7 (E.D. Ky. Mar. 29, 2004) (same); *Burns v.*

*Prudential Sec., Inc.*, 218 F. Supp. 2d 911, 914 (N.D. Ohio 2002) (same); *Green v. Ameritrade, Inc.*, 120 F. Supp. 2d 795, 801-02 & n.20 (D. Neb. 2000) (same); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (same).

Because the Court's decisions are not precedent, *see Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005); *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002); *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998); *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995); *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1986), it is unnecessary and, in fact, impossible for the Court to overrule *Kwiatkowski*, but the Court wishes to make clear that it no longer believes that *Kwiatkowski* was correctly decided.[2]   Having determined, then, that removal under SLUSA is governed by 28 U.S.C. § 1446(b), the Court notes that a failure to comply with the requirements for removal under section 1446(b) is a procedural defect in removal that must be raised by a plaintiff within thirty days of the date of removal or it is waived.  *See Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 293-95 (7th Cir. 1994)).   *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006) (rejecting a challenge to the timeliness of a removal on the grounds that it was first raised by the plaintiffs by way of a reply brief in support of a motion for remand to state court, over thirty days

---

2.   The Court notes that some language in *Bradfisch v. Templeton Funds, Inc.*, 191 Fed. Appx. 436 (7th Cir. 2006), suggests rather ambiguously that 28 U.S.C. § 1446 does not apply to removals pursuant to SLUSA.  *See* 191 Fed. Appx. at 437.  However, *Bradfisch* is not a precedent and in fact cannot be cited in the federal courts of this Circuit, save for limited purposes not at issue here, *see* 7th Cir. R. 53(b)(2)(iv), a rule that, it bears mentioning, Defendants have violated repeatedly both in their notice of removal and their brief in opposition to Plaintiffs' motion for remand.  Also, the *Bradfisch* decision was issued the same day as *Kircher III*, so that the Seventh Circuit Court of Appeals did not have the guidance of *Kircher III* in deciding *Bradfisch*.

from the date the case initially was removed).  Plaintiffs have raised their challenge to procedural defects in the removal of this case by a motion brought within thirty days from the date the case was removed to this Court, and therefore the issue of remand of this case to state court is properly before the Court and ripe for decision.

### B.    Successive Removals

Before reaching the issue of whether removal of this case is proper under 28 U.S.C. § 1446(b), the Court will address briefly Plaintiffs' objections to a second removal of this case based on 28 U.S.C. § 1447(d) and the doctrine of the law of the case.  Turning first to section 1447(d), that statute provides, in pertinent part, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), and has been held, of course, to preclude any appellate review of orders remanding cases to state court on the basis of a procedural defect in removal or lack of federal subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Kircher III*, 126 S. Ct. at 2152-57; *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 723-24 (1977); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346-51 (1976).  It also has been held to preclude a district court from reconsidering its own order remanding a case to state court on grounds enumerated in section 1447(c).  *See In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969).  It has not been held, however, to bar a second removal of a case where developments after an initial remand of the case reveal a legal or factual basis for removal.  *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999); *Doe v. American Red Cross*, 14 F.3d 196, 199-200 (3d Cir. 1993).

The Court recognizes the general rule that "[i]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the

removal jurisdiction of the federal courts, a second notice of removal is permissible." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006) (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3739 (3[d] ed. 1998 & Supp. 2005)). In this instance, of course, Defendants assert that orders entered in this case and others since the Court's initial remand of the case in 2004 have disclosed new legal grounds for removal. The Court regards this is a proper basis upon which to attempt a second removal of the case. *See Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909) (permitting a second removal where events after remand of the case showed fraudulent joinder of a party to defeat federal diversity jurisdiction: "[I]t is not open to controversy that if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause."); *In re Diet Drugs*, 282 F.3d 220, 232 n.8 (3[d] Cir. 2002) (the removal statute does not categorically prohibit the filing of a second notice of removal following remand, if subsequent pleadings, or conduct by the parties, or various other circumstances bring a case that was not previously removable within the removal jurisdiction of the federal courts); *Shields v. Washington Nat'l Ins. Co.*, 375 F. Supp. 2d 1346, 1349 (M.D. Ala. 2005) (holding that a case was properly removed for the second time where a deposition of the plaintiff, taken after the first removal, disclosed "a new factual basis" for removal); *Johnson v. America Online, Inc.*, 280 F. Supp. 2d 1018, 1022 (N.D. Cal. 2003) (a second notice of removal was proper where events in the litigation occurring after the initial, unsuccessful removal created changed circumstances by illuminating the amount in controversy for purposes of federal diversity jurisdiction).

Turning then to Plaintiffs' objection to removal based upon the law of the case doctrine, that doctrine provides generally, of course, that once having decided an issue in a case, a court will decide the issue the same way at all later stages of the case. *See Messinger v. Anderson*, 225 U.S. 436, 444 (1912); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *6 (S.D. Ill. June 6, 2006). As this Court has recognized, "[t]he law of the case doctrine is not an inexorable command; it is a discretionary rule that is ordinarily followed but which leaves all court rulings subject to revision at any time before entry of judgment." *Bommersbach v. Ruiz*, No. 3:02-CV-01115-DRH, 2006 WL 3360381, at *4 n.2 (S.D. Ill. June 9, 2006) (quoting *In re Data Evaluation, Ltd. v. Harris Corp.*, No. 85-C-10799, 1992 WL 82354, at *1 n.1 (N.D. Ill. Apr. 16, 1992)). *See also Walsh v. Mellas*, 837 F.2d 789, 796 (7th Cir. 1988) ("The law of the case doctrine . . . is not an immutable concept."). Importantly, there is an exception to the doctrine for instances in which, after a court's decision on an issue, "controlling authority has since made a contrary decision of law applicable to [the] issue[ ]." *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir. 1989). The asserted grounds for removal in this instance – decisions of higher courts handed down in this case and others since the Court's 2004 order remanding the case to state court – fit squarely within this exception. The Court finds nothing improper in Defendants attempting a second removal of the case.[3]

---

3.   Although the Court rejects Plaintiffs' arguments against removal based on 28 U.S.C. § 1447(d) and the law of the case doctrine, the Court does not agree with Defendants that these arguments constitute a breach of the professional duty of candor owed to the Court by Plaintiffs' counsel. *See* Ill. Rules of Prof'l Conduct R. 3.3(a)(1), (a)(3). *See also* S.D. Ill. Local R. 83.4(d)(2). Clumsy advocacy, in and of itself, is not a breach of an attorney's duty of candor. *See, e.g., Kyles v. Maryville Acad.*, 834 N.E.2d 441, 451-52 & n.4 (Ill. App. Ct. 2005). Also, the Court strongly discourages glib invocations of professional conduct rules by the attorneys who practice before it. *See In re Moore*, 134 N.E.2d 324, 326-27 (Ill. 1956) (ethical rules governing attorneys are not laws but a safeguard for the legal profession and the public).

### C.        Propriety of Removal under 28 U.S.C. § 1446(b)

As discussed, to effect a second removal of this case Defendants were required to remove within thirty days of receipt of a copy of an "amended pleading, motion, order or other paper" showing that the case is removable. 28 U.S.C. § 1446(b). Defendants contend that the decision of the Seventh Circuit Court of Appeals in *Kircher IV* directing this Court to remand this case to state court in light of *Kircher III* and, alternatively, the Court's order executing the Seventh Circuit's mandate in *Kircher IV* are orders authorizing removal. Also, Defendants rely upon the decision of the United States Supreme Court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503 (2006). The *Dabit* decision overruled the Court's original basis for concluding that this case is not within the scope of SLUSA by holding that the statute preempts state-law class action claims alleging the fraudulent manipulation of stock prices brought by holders of securities, as well as by purchasers and sellers of securities. *See id.* at 1512-15. Defendants argue that *Dabit* is other paper within the meaning of section 1446(b).[4]

Turning first to the matter of whether either *Kircher IV* or the Court's subsequent order remanding this case to state court is an "order" authorizing removal within the meaning of 28 U.S.C.

---

4.   So, at any rate, the Court construes Defendants' arguments for removal. The Court is satisfied that neither *Kircher IV* nor the Court's subsequent remand order are "other paper" within the meaning of 28 U.S.C. § 1446(b), which by its terms identifies as the predicate for removal under the statute an "amended pleading, motion, order or other paper" establishing the prerequisites for federal jurisdiction. Both *Kircher IV* and the Court's remand order clearly are orders; as will be discussed in more detail presently, an "order" for purposes of section 1446(b) is an order generated in a case as to which removal is sought, rather than, for example, a separate case. *See, e.g., Burns v. Prudential Sec., Inc.*, 450 F. Supp. 2d 808, 813-14 (N.D. Ohio 2006) (collecting cases). Thus, ipso facto, *Kircher IV* and the Court's order executing the mandate in that case are not "other paper." *See* 2A Norman J. Singer, ed., *Sutherland on Statutory Construction* § 46:6 (6th ed. 2002) (noting that "every word of a statute must be presumed to have been used for a purpose" and "courts do not construe different terms within a statute to embody the same meaning.") (collecting cases).

§ 1446(b), the Court concludes that they are not. Although section 1446(b) does not define the term "order," the Court has noted that, in interpreting and applying statutes, "'[t]he cardinal rule is that words used in statutes must be given their ordinary and plain meaning' and courts 'frequently look to dictionaries to determine the plain meaning of words.'" *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *8 (S.D. Ill. Nov. 22, 2006) (quoting *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000)). *See also Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 731 (7th Cir. 2005) (relying on *Black's Law Dictionary* to define the term "prepaid legal services" as used in a provision of the Employee Retirement Income Security Act of 1974); *Zeigler Coal Co. v. Director, Office of Workers' Comp. Programs*, 326 F.3d 894, 901 & nn.5-7 (7th Cir. 2003) (relying on *Black's Law Dictionary* to define the terms "hearing," "witness," and "testimony" as used in provisions of the Longshore and Harbor Workers' Compensation Act and regulations promulgated under the statute); *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1006-07 (7th Cir. 2001) (relying on *Black's Law Dictionary* to define the term "theft" as used in a provision of the Immigration and Nationality Act).

According to *Black's Law Dictionary*, an "order," also termed a "court order" or "judicial order," is "[a] command, direction, or instruction" or "[a] written direction or command delivered by a court or judge," which includes "final decrees as well as interlocutory directions or commands." *Black's Law Dictionary* (8th ed. 2004). *See also Merriam-Webster's Dictionary of Law* (1996) (defining an "order" as "an authoritative command issued by the court"). Under the plain meaning of 28 U.S.C. § 1446(b), then, *Kircher IV* clearly is not an "order" authorizing removal for purposes of the statute. In *Kircher IV* the Seventh Circuit Court of Appeals noted that, as discussed, the Supreme Court's decision in *Dabit* had rejected this Court's original basis for remanding this case in 2004. *See* 468 F.3d at 441. However, the *Kircher IV* court made no determination

about whether federal subject matter jurisdiction is proper in this case under SLUSA and in fact it expressly "reserved" that issue for a later time. *See id*. at 444. Most importantly, the *Kircher IV* court stated explicitly that the issue to be resolved on any future removal of the case under SLUSA would be whether *Dabit* – not *Kircher IV* or a remand order entered pursuant to the mandate in *Kircher IV* – "supplies an intervening change of law" so as to "justify a successive removal." *Id*. Thus, nothing in *Kircher IV* constitutes a command or direction concerning the existence of federal subject matter jurisdiction in this case.

Similarly, the Court's order remanding this case to state court pursuant to the mandate in *Kircher IV* cannot be regarded as a command with respect to the existence of subject matter jurisdiction in the case. Rather, the Court merely executed a mandate of the Seventh Circuit Court of Appeals, as the Court was required to do and in fact had no jurisdiction to do otherwise. *See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) ("The general proposition which moved [the district court] – that it was bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest – is indisputable."); *Kansas City S. Ry. Co. v. Guardian Trust Co.*, 281 U.S. 1, 11 (1930) ("The mandate required the execution of the decree. The District Court could not vary it or give any further relief."); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) ("The [lower] court is bound by the decree [of a reviewing court] as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."). Thus, this Court's order executing the mandate in *Kircher IV* made no determination about the existence of subject matter jurisdiction in

this case and cannot be deemed an "order" authorizing removal within the meaning of 28 U.S.C. § 1446(b).[5]

The conclusion that *Kircher IV* and the Court's subsequent order remanding this case do not authorize removal under 28 U.S.C. § 1446(b) is consistent with authority from this Circuit and elsewhere. For example, in *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998), the court held that removal was authorized not by the filing of a motion to amend a complaint to join federal claims but by an order granting the motion. *See id.* at 1094. The court noted that the language of section 1446(b) speaks of an "amended pleading, motion, order or other paper . . . . that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens," in this case a determination that Plaintiffs' claims are preempted by SLUSA. *Id.* As a sister court in this Circuit has said, "[T]he removal statute contemplates situations in which defendants wait for enabling state court orders before removing to federal court." *Vidmar Buick Co. v. General Motors Corp.*, 624 F. Supp. 704, 706 (N.D. Ill. 1985). *See also Insurance Co. of State of Pa. v. Waterfield*, 371 F. Supp. 2d 146, 150-51 (D. Conn. 2005) (an order did not permit removal in diversity jurisdiction where the order was silent

---

5.    Although it is not necessary to decide the question, it perhaps is worth pointing out that, in all likelihood, neither the *Kircher IV* court nor this Court upon issuance of the mandate in *Kircher IV* had jurisdiction to decide whether SLUSA preempts Plaintiffs' claims, given that *Kircher III*, by vacating *Kircher I* and *Kircher II*, reinstated by operation of law the Court's 2004 order holding that this case is not within federal subject matter jurisdiction. *See National Nut Co. of Cal. v. Kelling Nut Co.*, 61 F. Supp. 76, 80 (N.D. Ill. 1945) (where a decision of a federal court of appeals is reversed by the Supreme Court, such reversal sets aside the adjudication of the decree of the court of appeals and the situation is the same as if no decree had been entered by that court); 36 C.J.S. *Federal Courts* § 712 (1955 & Supp. 2006) ("The effect of a general and unqualified reversal of a judgment, order, or decree by [a reviewing court] is to nullify it completely and to leave the cause standing as if it had never been rendered[.]") (collecting cases). Upon issuance of the Supreme Court's decision in *Kircher III*, the courts below possessed, as discussed, only the jurisdiction to execute the Supreme Court's mandate.

as to the amount in controversy); *Rogers v. Humanscale Corp.*, No. Civ.A. 04-CV-2592, 2004 WL 1813282, at *2 (E.D. Pa. July 14, 2004) (holding that removal based on a motion to amend a complaint to add federal claims was "premature"; the event permitting removal is an order granting leave to amend); *Foster v. A.H. Robins Co.*, 61 F. Supp. 2d 1121, 1123 (D. Haw. 1999) (the filing of a suggestion of death of a non-diverse defendant was not an "amended pleading, motion, order or other paper" within the meaning of section 1446(b); rather, removal was authorized only by the filing of an amended complaint, a notice of voluntary dismissal, or an order granting dismissal by the court); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 259 (D. Del. 1988) (the general rule that removal is proper only upon issuance of a state-court order bringing a case within federal jurisdiction is intended to promote certitude in the removal process by preventing defendants from removing cases "before the grounds for removal actually exist"); *Lesher v. Andreozzi*, 647 F. Supp. 920, 922-23 (M.D. Pa. 1986) (a case became removable when a state court approved a proposed settlement agreement dismissing non-diverse defendants).  Given that, as is apparent from the language of *Kircher IV*, the *Kircher IV* decision made no determination about the applicability of SLUSA to the claims in this case, nor did the Court's subsequent remand of the case pursuant to the mandate in *Kircher IV*, the Court concludes that neither order authorizes removal.

Accordingly, the Court turns to the question of whether the United States Supreme Court's decision in *Dabit* is "other paper" within the meaning of 28 U.S.C. § 1446(b).  Although the Seventh Circuit Court of Appeals has not spoken to the issue, the overwhelming weight of authority in the federal courts holds that, under section 1446(b), judicial decisions in cases separate from a case as to which removal is sought are neither "orders" nor "other paper" for purposes of the statute.  *See, e.g., Elm v. Soo Line R.R.*, Civil File No. 06-1817 (MJD/AJB), 2006 WL 1426594,

at **2-3 (D. Minn. May 22, 2006); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826, 830 & n.5 (N.D. Ill. 2006); *Black v. Brown & Williamson Tobacco Corp.*, No. 4:05CV01544 ERW, 2006 WL 744414, at **5-6 (E.D. Mo. Mar. 17, 2006); *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 731-32 (S.D.W.Va. 2005); *Ervin v. Stagecoach Moving & Storage, Inc.*, No. Civ.A.3:04CV0535-D, 2004 WL 1253401, at *2 & n.3 (N.D. Tex. June 8, 2004); *Metropolitan Dade County v. TCI TKR of S. Fla., Inc.*, 936 F. Supp. 958, 959 (S.D. Fla. 1996); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994); *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234, 235-38 (E.D. Mich. 1992); *Gruner v. Blakeman*, 517 F. Supp. 357, 360-61 (D. Conn. 1981); *Growth Realty Cos. v. Burnac Mortgage Investors, Ltd.*, 474 F. Supp. 991, 996 (D.P.R. 1979). *See also* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3732 (3$^d$ ed. 1998 & Supp. 2006) ("[T]he publication of opinions by other courts . . . dealing with subjects that potentially could affect a state court suit's removability or documents not generated as a result of the state litigation are not recognized as 'other paper' sources for purposes of starting a new thirty-day period under Section 1446(b).") (collecting cases).

The Court finds the foregoing authorities persuasive and adopts their position in this case. Consistent with the rule that documents generated outside a case as to which removal is sought do not authorize removal under 28 U.S.C. § 1446(b), amendments to jurisdictional statutes do not permit removal. *See Coman v International Playtex, Inc.*, 713 F. Supp. 1324, 1326-27 (N.D. Cal. 1989); *Camino Camper of San Jose, Inc. v. Winnebago Indus., Inc.*, 715 F. Supp. 964, 965-66 (N.D. Cal. 1989); *Chen v China Airlines Ltd.*, 713 F. Supp. 1322, 1323-24 (N.D. Cal. 1989); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468-69 (C.D. Cal. 1989); *Ehrlich v. Oxford Ins.*

*Co.*, 700 F. Supp. 495, 497-98 (N.D. Cal. 1988); *Martropico Compania Naviera S. A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 428 F. Supp. 1035, 1037-38 (S.D.N.Y. 1977). Neither do decisions of the United States Supreme Court permit the removal of unrelated cases under the statute. *See Anderson v. Bank of Am., N.A.*, No. C 06-1120 SBA, 2006 WL 889491, at *3 (N.D. Cal. Apr. 5, 2006); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 98, 105-08 (D. Mass. 2006); *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815, 824-25 (W.D. Wis. 2005); *Commonwealth v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 526-27 (E.D. Pa. 2005); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1332-33 (M.D. Fla. 1999); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987); *Hollenbeck v. Burroughs Corp.*, 664 F. Supp. 280, 281 (E.D. Mich. 1987); *Sclafani v. Ins. Co. of N. Am.*, 671 F. Supp. 364, 365 (D. Md. 1987); *Avco Corp. v. Local 1010*, 287 F. Supp. 132, 133-34 (D. Conn. 1968). Thus, *Dabit* does not authorize removal of this case under section 1446(b).

A few courts have recognized a narrow exception to the general rule that under 28 U.S.C. § 1446(b) a case cannot be removed on the basis of documents from a separate case. These courts hold that, to furnish a basis for removal, a judicial decision in a separate case

> must be sufficiently related to a pending case [as to which removal is sought] to trigger Section 1446(b) removability. We believe that [a decision] is sufficiently related when . . . the [decision] in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.

*Doe v. American Red Cross*, 14 F.3d at 202-03 (holding that *American National Red Cross v. S.G.*, 505 U.S. 247 (1992), permitted removal under section 1446(b) of a similar suit against the same defendant for furnishing AIDS-contaminated blood to hospitals). *See also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267-68 (5th Cir. 2001) (holding that a judicial decision in a separate case

may permit removal if the two cases at issue involve the same defendant, similar facts, and a court

order for defendants in one case to remove the other case); *Young v. Chubb Group of Ins. Cos.*, 295

F. Supp. 2d 806, 808 (N.D. Ohio 2003) (same).  Without necessarily adopting this exception to the

general rule against removal of cases based on judicial decisions in unrelated cases, it is apparent

to the Court that the exception does not apply in this case.  First, it is undisputed that the parties to

this case were not parties to the *Dabit* case.  Second, the Court does not discern a great deal of

factual and legal similarity between *Dabit* and this case.  The *Dabit* case involved issues of SLUSA

preemption, which, of course, Defendants argue applies in this case as well.  However, the claims

in *Dabit* involved allegations against an investment banking house of "disseminating misleading

research and thereby manipulating stock prices," 126 S. Ct. at 1507, whereas this case, as discussed,

involves allegations that Defendants breached state-law duties to use up-to-date pricing information

in valuing mutual fund shares.  Finally, nothing in *Dabit* reasonably can be construed as an order

for the defendants in that case or indeed any case to remove other cases to federal court.  The Court

concludes that Defendants have failed to point to an order or other paper authorizing removal of this

case under section 1446(b).[6]

---

6.    Although Defendants in this case were parties to *Kircher III*, they have not argued that the
decision in that case is "other paper" within the meaning of 28 U.S.C. § 1446(b), and therefore the
Court is entitled to assume that it is not.  *See Ortiz v. General Motors Acceptance Corp.*, 583
F. Supp. 526, 529-30 (N.D. Ill. 1984) (the proponent of removal has the burden of proving that all
procedural requirements for removal have been met).  The Court notes that, had the argument been
raised, it would have been rejected.  Nothing in *Kircher III* speaks to the applicability of SLUSA
to the claims asserted in that or any other case.  In fact, the *Kircher III* Court specifically denied
certiorari as to the question of whether the claims in that case were preempted by SLUSA, and
ultimately   held that a determination of that issue could not be made in federal court.  *See
Kircher III*, 126 S. Ct. at 2152-57.  *See also Kircher v. Putnam Funds Trust*, 126 S. Ct. 979 (2006)
(granting certiorari purely as to the first question presented by the petition for a writ of certiorari in
*Kircher II*, whether 28 U.S.C. § 1447(d) bars appellate review of orders remanding cases removed
under SLUSA for reasons set out in 28 U.S.C. § 1447(c)).  *Cf. Beck v. Washington*, 369 U.S. 541,

In holding that Defendants have failed to meet their burden of proving that the procedural requirements for removal are satisfied, the Court emphasizes that it is not holding that a defendant seeking removal to federal court under SLUSA must first obtain a ruling in state court that the claims asserted in a case are preempted by the statute.  It is necessary to bear in mind that removal jurisdiction is not coextensive with federal subject matter jurisdiction; a defendant seeking removal must prove not only the prerequisites of subject matter jurisdiction but also strict compliance with the procedural requirements for removal.  *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) ("[T]his court has . . . little difficulty in distinguishing between removal jurisdiction, on the one hand, and original or subject matter jurisdiction, on the other hand.").  In this case, Defendants attempted removal once, but were remanded.  As it turns out, the grounds for that remand were incorrect, in light of *Dabit*, but the important point is that now Defendants are in the difficult position of showing grounds for a second removal of this case.  In *Kircher III* the Court noted one of the peculiarities of SLUSA, namely, that the grounds for removal jurisdiction under the statute, conflict preemption of state-law claims, "coincide[ ] entirely" with the grounds for

---

554 (1962) (matters outside the scope of a question as to which certiorari has been specifically limited generally cannot be considered by the Court).  Also, as Plaintiffs point out, a notice of removal was not filed in this case within thirty days of issuance of *Kircher III*.  Defendants deride as "fantastic" the idea that they were required to file a notice of removal pending execution of the *Kircher III* Court's mandate by the Seventh Circuit Court of Appeals and by this Court, but the Court finds the idea very logical in light of the plain language of section 1446(b) and the settled policies underlying the exercise of federal jurisdiction on removal.  The unusual procedural history of this case notwithstanding, the Court is required to apply the removal statutes strictly, with a presumption in favor of remand, *see Fields*, 2006 WL 1875457, at *2, and the Court has not been empowered by Congress "to fashion equitable removal solutions to procedural complexities" in order to smooth a defendant's path to federal court via removal.  *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006).  *See also Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126 (1989) (the "task" of a court "is to apply the text [of a statute], not to improve upon it.").

subject matter jurisdiction under the statute; in other words, a case-dispositive defense, one that must be actual and not "merely colorable," is the trigger for removal under SLUSA.  126 S. Ct. at 2155 n.12, 2157.  A consequence of this, possibly unintended, may be that, if a removal of a case under SLUSA within thirty days of service of an original complaint fails, it will be quite an onerous task for a defendant to remove the case a second time under the statute, absent a binding judicial determination before removal that the claims in the case are preempted by SLUSA.  The *Kircher III* Court seems tacitly to have acknowledged this by holding that determinations about preemption under SLUSA are not a matter of exclusive federal jurisdiction, and instead can be made in state court following an initial, unsuccessful removal of a case under the statute.  *See* 126 S. Ct. at 2156-57.

In any event, the Court does not hold that a case can never be removed for a second time under SLUSA absent a determination by a state court about preemption under the statute.  Instead, the Court merely holds that, in light of the particular facts and legal issues presented by this case, the judicial decisions relied upon by Defendants as the basis for a second removal of the case do not constitute orders or other paper authorizing such a removal.  Accordingly, this case will be remanded to state court, where the Court "trust[s] the state court (an equally competent body) to make the preclusion determination" as to whether the claims in this case are preempted by SLUSA in accord with controlling precedent like *Dabit*.  *Kircher III*, 126 S. Ct. at 2156 (citing *Missouri Pac. Ry. Co. v. Fitzgerald*, 160 U.S. 556, 583 (1896)).  *See also Kuntz v. Illinois Cent. R.R. Co.*, Civil No. 06-554-GPM, 2007 WL 54038, at *8 (S.D. Ill. Jan. 5, 2007) (quoting *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 316 (3[d] Cir. 1994)) (observing that, in general, "[s]tate courts are competent to determine whether state law has been preempted by federal law," and, absent

effective removal of a case from state court to federal court, "they must be permitted to perform that

function . . . with regard to state law claims brought before them.").  Defendants will be free to

pursue defenses based on SLUSA preemption in the Illinois state trial court and, if need be, the

higher state courts and, possibly, the United States Supreme Court.  *See Kircher III*, 126 S. Ct.

at 2157.  As far as this Court is concerned, however, because Defendants have failed to satisfy the

procedural requirements for removal, the travels of this case in federal court are at an end.

### CONCLUSION

Plaintiffs' motion for remand (Doc. 9) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this

case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois,

by reason of procedural defects in removal.  Defendants' motion for judgment on the pleadings

(Doc. 12) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  2/1/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge